IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,578






EX PARTE RENE LONGORIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-419,544 IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated robbery and sentenced to fifty years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Longoria v. State, No. 07-09-00196-CR (Tex.
App.-Amarillo Feb. 25, 2010, pet. ref'd)(not designated for publication). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to
object to the use of a state jail felony to enhance the punishment range in this first degree
felony cause. 

 The trial court has determined that trial counsel was ineffective in that counsel failed
to properly object to the use of a state jail felony as an enhancement and that such ineffective
representation prejudiced Applicant. We agree. We find, therefore, that Applicant is entitled
to a new punishment hearing in the judgment of conviction in Case No. 2008-419,544 from
the 364th Judicial District Court of Lubbock County. Applicant is remanded to the custody
of the Sheriff of Lubbock County so the trial court may conduct a new punishment hearing. 

 Copies of this opinion shall be sent to the Texas Department of Criminal
Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: June 15, 2011

Do Not Publish